LUTHER EASLEY, Appellant, et al., Plaintiffs, *v.* EDGORD REALTY CORPORATION, Respondent.

First Department, December 14, 1945.

*Max R. Simon* for appellant.

*Isidore H. Levey* of counsel (*Allen H. Suffern* with him on the brief; *Jerome M. Wolff*, attorney), for respondent.

TOWNLEY, J. Plaintiff Easley was employed by the defendant in the maintenance and operation of its loft building. He brought this action under subdivision (b) of section 16 of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 216, subd. [b]) to recover balances due and owing under the act by virtue of his employment. Prior to the institution of the suit defendant paid to the plaintiff $158.22 which purported to be payment in full of all liability under the act.

Easley was employed beginning October 14, 1940. The period for which recovery of overtime is sought is from this date to August 9, 1943.

Easley testified that during the steam season from September 15th to April 15th he began work at 6:00 A.M. and worked until 7:30 P.M. On Saturdays he worked from 7:00 A.M. to 5:00 P.M. with one hour off for lunch. Thus he worked 71½ hours a week for each and every week during this period. From April 15th to May 31st and from September 1st to September 15th, Easley began to work at 7:00 A.M. and worked until 6:30 P.M. and on Saturdays he worked from 7:00 A.M. to 5:00 P.M. with an hour off for lunch. During this period he worked 61½ hours a week. During the months of June, July and August, he worked Saturdays from 7:00 A.M. to 1:30 P.M. without any time off for lunch. This aggregates a 59 hour week during these three months. Allowances were made for time off, illness and holidays.

The agreed hourly rate of pay is not in dispute and the amount received on account is not in dispute. The times of the working hours were confirmed by the testimony of one Thomas who had preceded Easley in the position. The defense is unsatisfactory in that the defendant has kept no proper books and has given testimony which is not convincing in any respect in criticism of the plaintiff's claim.

This court held in *O'Neil* v. *Brooklyn Sav. Bank* (267 App. Div. 317) that an employee who had given a release on payment of a certain amount of money, which release recited difficulty of ascertainment of the amount of overtime compensation to which the employee was entitled and also suggested doubt as to whether the employee was covered by the act, was not bound by such release and was entitled to the full amount earned by him. This decision was affirmed by the Court of Appeals (293 N. Y. 666) and the Supreme Court of the United States (*sub nom. Brooklyn Bank* v. *O'Neil*, 324 U. S. 697).

On the circumstances of the present case, we are constrained to find that the payment of $158.22 was not payment in full, that the overtime has been established and that the judgment so far as appealed from should be reversed, with costs, and judgment awarded as proved on the record and that judgment should be entered for $4,392.92, together with a reasonable attorney's fee in the sum of $350 and costs.

MARTIN, P. J., DORE, COHN and WASSERVOGEL, JJ., concur.

Judgment so far as appealed from unanimously reversed, with costs to the appellant, and judgment awarded as proved on the record and directed to be entered for $4,392.92, together with a reasonable attorney's fee in the sum of $350 and costs. Settle order on notice.